UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CR-00025-MOC-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **MARK HANNAH,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion for early termination of supervised release. (Doc. No. 4). The Government opposes Defendant's motion. (Doc. No. 7).

I.  Background

In July of 2008, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Doc. No. 1-2). The Honorable Charles J. Siragusa, United States District Judge for the Western District of New York, sentenced Defendant to 216 months of imprisonment followed by ten years of supervised release. (Id.). In February of 2021, the Western District of New York transferred, and the Western District of North Carolina accepted, jurisdiction over Defendant's term of supervised release. (Doc. No. 1).

II. Discussion

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised

1

release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

In support of his motion for early termination of supervised release, Defendant cites compliance with the terms of his supervision. (Doc. No. 4). But even full compliance with the terms of supervised release is insufficient to justify early termination. McKay, 352 F. Supp. 2d at 361. And, as the Government points out, Defendant has not complied fully with the terms of his release, testing positive for marijuana use in 2021 and 2023. (Doc. No. 7). Moreover, Defendant's probation officer opposes Defendant's motion for early termination. The Court will, therefore, deny Defendant's motion for early termination of supervised release.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion for early termination of supervised release, (Doc. No. 4), is hereby **DENIED**.

Signed: July 18, 2024

Max O. Cogburn Jr.
United States District Judge